UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH PASSEK ET AL** | : | **DOCKET NO. 15-cv-2561** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **BROCK SERVICES, LLC** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Intervene [doc. 12] and Amended Motion to Intervene [doc. 17] filed by Analytic Stress Relieving Corporation ("Analytic Stress") and Ace American Insurance Company ("Ace Insurance"). The motions are unopposed.

For the reasons stated herein, it is recommended that the Amended Motion to Intervene [doc. 17] be **DENIED** and the case be **DISMISSED WITHOUT PREJUDICE.** It is further recommended that the Motion to Intervene [doc. 12] be **DENIED** as moot.

**I.**
**FACTS AND PROCEDURAL HISTORY**

Plaintiff's complaint alleges that he was injured when he fell through a hole in scaffolding at the Citgo Refinery while he was employed by Analytic Stress and acting in the course and scope of his employment. Plaintiff contends that his injuries were caused by the negligence of defendant Brock Services, LLC. Doc. 1, att. 4. At the time of the accident Analytic Stress had a workers' compensation insurance policy with Ace Insurance. Doc. 17, att. 2, p. 2.

Following his accident, Analytic Stress and Ace Insurance paid plaintiff's medical expenses and worker's compensation benefits. *Id*. Analytic Stress and Ace Insurance jointly move to intervene as plaintiffs in order to recover the benefits paid to plaintiff.

After Analytic Stress and Ace Insurance filed their motion to intervene [doc. 12], the court issued an order [doc. 14] instructing movants to amend their intervention to set forth the citizenship of the intervenors in order for the court to determine if the proposed intervention would destroy diversity.[1]  In the amended motion to intervene [doc. 17], Analytic Stress asserts that it is a citizen of the State of Louisiana.  Doc. 17, att. 2, p. 2.  Ace Insurance alleges that it is a corporation organized under the laws of the State of Pennsylvania and also retains citizenship in Delaware and Switzerland.  *Id.*  Defendant Brock Services, LLC is a limited liability company.  Its sole member is Brock Holdings III, Inc. a corporation organized under the laws of the State of Delaware with its principle place of business in the State of Texas.[2]  Doc. 2

Analytic Stress and Ace Insurance seek to intervene as plaintiffs "of right" under Rule 24(a)(2) of the Federal Rules of Civil Procedure.  They contend that no other party involved in the suit adequately represents their interest and that if they are not permitted to intervene, they would be forever barred under the Louisiana Workers Compensation Act from recovering the amounts they paid to plaintiff from the defendant tortfeasor.[3]  Movers concede that diversity jurisdiction will be destroyed if the intervention is allowed and ask the court to remand the case to state court where all parties will have the opportunity to litigate their claims.

## II.
### LAW AND ANALYSIS

Rule 24 of the Federal Rules of Civil Procedure governs intervention.  It allows intervention either "of right" under Rule 24(a) or "permissive" under Rule 24(b).  In order to

---

[1] Prior jurisprudence holds that a worker's compensation intervenor would align itself with the employee-plaintiff and its citizenship is therefore important for purposes of determining if the court exercises supplemental jurisdiction under 28 U.S.C. § 1367(b).  *Duchane v. Gallagher Kaiser Corp.,* No. 05-0171, 2005 WL 1959151, *2 (W.D. La. Aug. 10, 2005), *Head v. Chesapeake Operating, Inc.,* No. 10-0444, 2010 WL 2246394, *1 (W.D. La. May 26, 2010).
[2] Since Ace Insurance and Brock Services, LLC are both citizens of the State of Delaware, allowing Ace Insurance to intervene would destroy diversity and the basis of this court's jurisdiction.
[3] Movers rely on the Louisiana Worker's Compensation statutes, LA. REV. STAT. ANN. § 23:1101, *et seq.*

intervene as of right, the mover must either show that intervention is required under a federal statute, or he has "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(1)(2).  Permissive intervention is allowed when a federal statute provides a conditional right to intervene, or mover's claim or defense has a common question of law or fact with the main demand.  FED. R. CIV. P. 24(b)(1)(A)(B).

Here, Analytic Stress and Ace Insurance claim to be intervenors "of right."  They argue that the Louisiana Worker's Compensation Act and Louisiana jurisprudence require an employer/insurer who has paid worker's compensation benefits to intervene in the employee's suit against the third party tortfeasor in order to recover the amounts paid.  Movers maintain that they must be made parties to this litigation or they will forever lose their chance of recovering from the tortfeasor.  We agree.

Louisiana worker's compensation law provides that when an injured employee brings suit against a third party tortfeasor he must notify the employer of the lawsuit and the employer may intervene as a party plaintiff in the suit.  LA. REV. STAT. ANN. art. 23:1102(A)(1).  The First Circuit explained in *Houston Gen. Ins. Co. v. Commercial Union,* 649 So.2d 776 (La. Ct. App. 1994) that:

> [a]lthough the statute provides that the other *may* intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor.

*Id.* at 728 (citing *Roche v. Big Moose Oil Field Truck Serv.,* 381 So.2d 396, 400 (La.1980)), *See also Duchane v. Gallagher Kaiser Corp.,* No. 05-0171, 2005 WL 1959151, *2 (W.D. La. Aug. 10, 2005)("If the employer fails to intervene, he is precluded from filing his own action against the

tortfeasor. … *Only by intervening in the employee's lawsuit will the employer's right to reimbursement of benefits already paid be preserved and protected.*")(emphasis original). Thus, unless Analytic Stress and Ace Insurance are allowed to intervene, they will lose their right to reimbursement. For this reason they are intervenors of right.

Although Analytic Stress and Ace Insurance have the right to intervene, when a party who would destroy diversity jurisdiction seeks to intervene as a plaintiff, the court must deny the motion. *See Griffin v. Lee,* 621 F.3d 380, 387 (5th Cir. 2010). Title 28 U.S.C. §1367(b) prohibits diversity-destroying interventions under Rule 24. It states:

> *In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title*, the district courts *shall not* have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or *seeking to intervene as plaintiffs under Rule 24 of such rules*, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332. (emphasis added).

28 U.S.C.A. § 1367(b). Simply put, Section 1367(b) denies supplemental jurisdiction to any Rule 24 intervenor seeking to intervene as a plaintiff when the intervention would destroy the court's diversity jurisdiction.

When faced with a diversity-destroying potential intervenor, we are also required to consider whether the party seeking to intervene is a required party under Rule 19. *Johnson v. Qualawash Holdings, L.L.C.*, 990 F. Supp.2d 629, 637 (W.D. La. Jan.6, 2014). Rule 19(a) states that a party is required to be joined if its presence (1) is required for complete relief among the existing parties, or (2) if that party asserts an interest relating to the subject of the action and disposing of the action in the party's absence would impair its ability to protect its own interest or expose an existing party to a "substantial risk" of multiple and/or inconsistent obligations. FED.

R. CIV. P. 19(a). Rule 19(b) governs whether the court should proceed without a party who is required to be joined but who cannot because joinder would defeat jurisdiction. The rule states that the court is required to "dismiss the action" unless "in equity and good conscience" it determines that the action should proceed without that party.

Here, Analytic Stress and Ace Insurance are required to be joined. Louisiana workers' compensation law provides that failure to intervene in the employee's suit against the third party tortfeasor bars them from bringing a separate suit. *Houston Gen. Ins. Co. v. Commercial Union, supra.* If Analytic Stress and Ace Insurance are not allowed to intervene they lose their ability to protect their interest and recover the benefits paid to plaintiff. Neither equity nor good conscience can allow this suit to go forward without these parties as they would be barred from recovering the benefits paid in any future litigation. While movers seek remand, Rule 19(b) clearly requires dismissal when "a person who is required to be joined …cannot be joined."

### III
#### CONCLUSION

For the reasons stated, we recommend that the Amended Motion to Intervene [doc. 17] be **DENIED** and the case be **DISMISSED WITHOUT PREJUDICE.** It is further recommended that the Motion to Intervene [doc. 12] be **DENIED** as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved**

**party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

  THUS DONE this 23rd day of May, 2016.

          _____
          KATHLEEN KAY
         UNITED STATES MAGISTRATE JUDGE