U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 28 2016

TONY R. MOORE, CLERK
BY: _____ ms
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JOSEPH PASSEK, et al | CIVIL ACTION NO. 2:15-02561 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| BROCK SERVICES, LLC | MAG. JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Report and Recommendation issued by the Magistrate Judge wherein it was recommended that the Motion for Leave to File Amended Petition of Intervention filed by Ace American Insurance Co. and Analytic Stress Relieving Corp. be denied and the case be dismissed without prejudice. Defendant, Brock Services ("Brock") objects to the report and recommendation.

## STATEMENT OF THE CASE

Plaintiff, Joseph Passek and Melody Passek filed the instant suit in the Fourteenth Judicial District Court against Brock. In his petition, Joseph Passek alleges that he sustained personal injuries while employed by Analytic Stress at the Citgo Refinery in Lake Charles, Louisiana. Thereafter, Brock removed the suit to federal court pursuant to U.S.C. § 1332(a) and 1441 based on complete diversity of citizenship.

Brock's employer, Analytic Stress and its worker's compensation insurer, Ace Insurance ("Ace"), filed a Motion for Leave of Court to File a Petition of Intervention. Shortly thereafter, the court ordered the proposed intervenors to amend their proposed complaint to set forth the citizenship of the proposed intervenors and brief the court on whether the intervention would

1

destroy diversity jurisdiction.[1] The proposed intervenors complied and asserted that the intervention would destroy diversity jurisdiction and further requested that the case be remanded to state court. In their brief to the court the intervenors, Analytic Stress and Ace, informed the court that Plaintiffs are residents and domiciliaries of Alabama, Brock is a limited liability company organized in the state of Delaware with its principal place of business in Texas. The brief and subsequently filed corporate disclosure statements[2] informed the court that Analytic Stress, Passek's employer, is a citizen of the state of Louisiana[3] and Ace is a "corporation organized under the laws of the State of Pennsylvania and also retains citizenship in Delaware and Switzerland."[4] The pertinent corporate disclosure statement declared as follows:

> The filing party hereby declares that ACE AMERICAN INSURANCE COMPANY ("ACE") is a Pennsylvania corporation. Further, ACE is a wholly-owned subsidiary of INA Holdings Corporation, a private Delaware holding corporation. Neither the stock of ACE or INA Holdings Corporation is publicly traded. The ultimate parent of ACE is Chubb Limited, a Swiss Corporation. Chubb Limited (NYSE: CB) is the only publicly traded stock in the chain of ownership. Chubb Limited does not directly own any stock of ACE. Chubb Limited was previously named "ACE Limited," having changed its name on January 15, 2016.[5]

As plaintiff's employer and workers compensation carrier and having paid and/or continuing to pay Plaintiffs worker's compensation benefits and medical expenses, these proposed intervenors maintain that their joinder is mandatory as opposed to permissive because

---

[1] See Electronic Order dated 04/26/2016, R. #14.
[2] R. #15 and 16.
[3] Analytic is a privately held company with its state of incorporation and principal place of business in Louisiana.
[4] R. #17-2, p. 2, ¶ II.
[5] R. #15.

their failure to intervene and assert their claims would preclude them from filing their own action against the alleged tortfeasor.

Consequently, it is suggested that because both the proposed intervenor (Ace) and Brock are citizens of Delaware for purposes of diversity, the proposed intervenors maintain that their intervention would destroy complete diversity of citizenship and preclude the court from maintaining subject matter jurisdiction over this matter. Hence, the proposed intervenors requested that the case be remanded to state court.

The Magistrate Judge correctly determined that the intervenors should be aligned as plaintiff-intervenors and have the right to intervene under Rule 24 (b) of the Federal Rules of Civil Procedure. However, the Magistrate Judge aptly recognized that § 1367(b) denies supplemental jurisdiction to any Rule 24 intervenor seeking to intervene as a plaintiff when the intervention would destroy the court's diversity jurisdiction. The Magistrate Judge further correctly determined that under Rule 19(b), the court is required to dismiss the action unless "in equity and good conscience" it determines that the action should proceed without that party. Pursuant to Louisiana law, the intervenors will lose their ability to protect their interest if they are not allowed to intervene. Thus, the Magistrate Judge concluded that neither equity nor good conscience would allow this suit to go forward without these parties. The Magistrate Judge ultimately concluded and recommended that the matter be dismissed without prejudice based on the intervenor's right to intervene and because their intervention would destroy diversity jurisdiction.

In their objection to the report and recommendation, defendant Brock challenges the court's determination that Ace is a citizen of Delaware based on INA, the parent company and a non-party, being incorporated in Delaware. Brock argues that Ace has submitted nothing to the court to indicate that it is incorporated in or has its principal place of business in the state of Delaware. It is undisputed that Ace is a Pennsylvania corporation. Thus, Brock contends that there are no two parties in this litigation, including the proposed intervenors, who are citizens of the same state for diversity purposes. Brock asserts that INA's citizenship is of no consequence, and thus its citizenship should not be considered for purposes of diversity.

"A subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business."[6] The exception to this rule is when the parent is not really a "separate entity" which is a question of fact. The citizenship of a related company should only be considered when "two corporate entities act as one, or are in fact one."[7] In making that determination, courts will consider such matters as the degree of control exercised by the parent, the relationship between the parent and the subsidiary activities, the membership of the Board of Directors, and the maintenance of separate corporate books.[8]

In response to Brock's objection, the proposed intervenors filed the "Sworn Declaration of Ilana Hessing" to demonstrate Ace's citizenship. Hessing, the Vice President and Assistant Secretary of ACE American Insurance Company, makes the following relevant declarations:

---

[6] Burnside v. Sanders Associates, Inc. 507 F.Supp. 165 (N.D. Texas 1980) affirmed at 643 F.2d 389 (5th Cir. 1981) citing 1 Moore's Federal Practice, P. 0.77(1-2) at 717.10 (1979).
[7] Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 558 (5th Cir. 1985).
[8] Burnside, 507 F.Supp. at 166-167.

> (1) Ace is a Pennsylvania corporation and a wholly-owned subsidiary of INA Holdings Corporation, a private Delaware holding corporation.
> (2) Ace has offices in many states, including an office in Wilmington, Delaware and its head office in Philadelphia, Pennsylvania.
> (3) Ace's Directors have office addresses in New Jersey and/or Pennsylvania.
> (4) Ace's corporate records are located in Pennsylvania.
> (5) Ace's Directors are elected by its shareholder, INA, and are responsible for electing the company's officers who operate and make decisions for the company on a day to day basis.[9]

Intervenors remark that the business of Ace and INA are, in essence, identical in that they were created for the ultimate purpose of providing various types of insurance and reinsurance, as well as offer financial products and risk management services to businesses and individuals. Thus, they argue their interests are identical because they both seek to recover the worker's compensation benefits paid to plaintiff. Further, INA exercises the normal powers of a shareholder over its subsidiary, Ace, including the election of the Directors.

The court finds that being a wholly owned subsidiary is not sufficient to deem INA with alter ego status, nor does being in the same type of business establish that INA has the degree of parental control necessary for it to be considered the alter ego of Ace. As noted by Brock, Ace admits that it exercises the normal powers of a shareholder over its subsidiary. Ace has its own Board of Directors and maintains separate records in distinct locations from its parent. Thus, we find no legal basis for concluding that Ace and INA are in fact two corporate entities acting as one. The court will reject that portion of the Report and Recommendation which found that Ace

---

[9] Affidavit of Ilana Hessing, R. #22-1.

was a citizen of Delaware for purposes of diversity and the conclusion that this action should be dismissed. Accordingly,

**IT IS ORDERED** that the "Motion for Leave of Court to File Petition of Intervention" (R. #12) is hereby **GRANTED,** the suit will not be dismissed but will remain with this court.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 28th day of June, 2016.

_____
**JUDGE JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**